UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2019

David J. Bradley, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. **M-19-392** |
| § | |
| EVERARDO VILLARREAL § | |
| DELILAH RAE ROBLES § | |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

1.  The Texas Medicaid Program ("Medicaid"), is a federal and state health care benefit program. The Health and Human Services Commission, a Texas governmental agency, and the United States Department of Health and Human Services, a federal agency, administer Medicaid. Medicaid distributes state and federal funds to pay providers enrolled with Medicaid for medical items or medical services furnished to Medicaid beneficiaries.

2.  Providers enrolled with Medicaid are required to abide by Medicaid rules, regulations, and laws. Items covered by Medicaid include diabetic and incontinence supplies prescribed by physicians and supplied by providers, which are commonly known as Durable Medical Equipment ("DME") providers.

3.  DME providers are required to possess a physician signed and dated Home Health Services DME/Medical Supplies Physician Order Form, commonly known as a Title XIX form, prior to furnishing Medicaid beneficiaries with, and billing Medicaid, for incontinence supplies. Pursuant to Medicaid rules, a Title XIX form is to be valid for up to, but not more than, six months from the date of the physician's signature on the Title XIX form. Medicaid beneficiaries have a one month eligibility period with Medicaid, therefore DME providers may only submit claims for

one month of incontinence supplies at a time, even though prior authorization may be granted for up to six months.

4. Medicaid requires DME providers to submit claims on a standardized claim form. Specific information is required on each claim form, including the following: the beneficiary's name and unique personal Medicaid identification number, also referred to as PCN; the date of service; and the name and national provider identifier, also referred to as NPI, of the physician who prescribed the items for which payment is sought.

5. For each claim submitted to Medicaid, DME providers must certify, among other things, that the information on the claim form is true, accurate, and complete and that the medical supplies were provided to the Medicaid beneficiary.

6. Medicaid requires DME providers to retain all orders, copies of completed, signed and dated Title XIX forms, delivery slips and corresponding invoices for all supplies provided to a Medicaid beneficiary for a minimum of five years from the date of service or until audit questions, appeals, hearings, investigations, or court cases are resolved. DME providers are required to disclose this documentation to the Texas Health and Human Services Commission or its designee, including the Office of the Texas Attorney General – Medicaid Fraud Control Unit, upon request.

## **THE DEFENDANTS**

7. Defendant EVERARDO VILLARREAL (hereinafter VILLARREAL) was a resident of Hidalgo County, Texas, and was the owner and operator of DME Medical Supply Depot, LLC (hereinafter DME DEPOT). DME DEPOT, located in Elsa, Texas, was enrolled in Medicaid starting in or around April 2010.

8. Defendant DELILAH RAE ROBLES (hereinafter ROBLES) was a resident of Hidalgo County, Texas, and was an employee of DME DEPOT.

## COUNT 1
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
## (18 U.S.C. § 1349)

9. The Grand Jury incorporates by reference paragraphs 1 through 8 as though fully restated and re-alleged herein.

10. Beginning in or about April 2010 and continuing through in or about September 2014, in the McAllen Division of the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, the Defendants,

**EVERARDO VILLARREAL**
**and**
**DELILAH RAE ROBLES**

knowingly and willfully did combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicaid, and to obtain, by means of false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services.

## OBJECT OF THE CONSPIRACY

11. The object and purpose of the conspiracy and scheme was for the Defendants and others to unlawfully enrich themselves by submitting or causing others to submit false and fraudulent claims to Medicaid.

## MANNER AND MEANS OF THE CONSPIRACY

12. The manner and means by which the Defendants and their co-conspirators sought to accomplish the object of the conspiracy included, but were not limited to, the following:

   a. The Defendants submitted or caused others to submit false and fraudulent claims to Medicaid for reimbursement of incontinence supplies that were not provided to Medicaid beneficiaries.

   b. The Defendants submitted or caused others to submit false and fraudulent claims to Medicaid for reimbursement of incontinence supplies that were only partially delivered to Medicaid beneficiaries.

   c. The Defendants knowingly transferred, possessed, and used, or knowingly caused others to transfer, possess, and use, without lawful authority, one or more means of identification, specifically the names and physician identification numbers of numerous physicians.

   d. The Defendants knowingly transferred, possessed, and used, or knowingly caused others to transfer, possess, and use, without lawful authority, one or more means of identification, specifically the names and personal Medicaid identification numbers of numerous Medicaid beneficiaries.

   e. VILLARREAL paid kickbacks to co-conspirator B.D., in the form of checks, in exchange for patient information, specifically the names and personal Medicaid identification numbers of Medicaid beneficiaries.

   f. As part of the kickback arrangement between VILLARREAL and B.D., B.D. bought back incontinence supplies from certain Medicaid beneficiaries whose

patient information VILLARREAL purchased from B.D.

g. VILLARREAL used the patient information purchased from B.D. to submit or cause others to submit false and fraudulent claims to Medicaid in order to cause Medicaid to render payment.

h. VILLARREAL instructed ROBLES to bill Medicaid for supplies that had not been delivered to Medicaid beneficiaries.

i. ROBLES coordinated with B.D. to supply patient information to VILLARREAL in exchange for kickback payments from VILLARREAL.

j. The Defendants and their co-conspirators offered to pay cash to Medicaid beneficiaries in exchange for supplies.

k. The Defendants and their co-conspirators submitted in excess of $1,500,000 in claims to Medicaid, and for which Medicaid paid in excess of $850,000 in false and fraudulent claims.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 - 5
## HEALTH CARE FRAUD
## (18 U.S.C. §§ 1347 and 2)

13. The Grand Jury incorporates by reference paragraphs 1 through 8 and 12 as though fully restated and re-alleged herein.

14. Beginning in or about April 2010 and continuing through in or about April 2014, in the McAllen Division of the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, the Defendants

**EVERARDO VILLARREAL**
**and**
**DELILAH RAE ROBLES**

along with others known and unknown to the Grand Jury, aiding and abetting one another and others, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud a health care benefit program, as defined by Title 18, United States Code, Section 24(b), that is, Medicaid, and to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services. Defendants submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to Medicaid, for medical benefits, items, and services which were not provided, causing Medicaid to make payments for the patients and on the dates as follows:

| Count | Patient | Date Paid by Medicaid (on or about) |
|---|---|---|
| 2 | J.P. | February 28, 2014 |
| 3 | R.R. | March 14, 2014 |
| 4 | R.A. | March 14, 2014 |
| 5 | C.P. | March 21, 2014 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 6
## AGGRAVATED IDENTITY THEFT
### (18 U.S.C. §§ 1028A and 2)

15.　The Grand Jury incorporates by reference paragraphs 1 through 8, 12 and 14 as though fully restated and re-alleged herein.

16.　Beginning in or about September 2013 and continuing through in or about March 2014 in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, Defendants

**EVERARDO VILLARREAL**
**and**
**DELILAH RAE ROBLES**

during and in relation to a felony violation of Title 18, United States Code, Sections 1349 and 1347 did knowingly transfer, possess, and use, without lawful authority, one or more means of identification of another person, to wit: personal Medicaid identification number assigned to patient R.A.

All in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT 7
## AGGRAVATED IDENTITY THEFT
### (18 U.S.C. §§ 1028A and 2)

17.　The Grand Jury incorporates by reference paragraphs 1 through 8, 12 and 14 as though fully restated and re-alleged herein.

18.　Beginning in or about October 2012 and continuing through in or about March 2014 in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, Defendants

**EVERARDO VILLARREAL**
and
**DELILAH RAE ROBLES**

during and in relation to a felony violation of Title 18, United States Code, Sections 1349 and 1347 did knowingly transfer, possess, and use, without lawful authority, one or more means of identification of another person, to wit: personal Medicaid identification number assigned to patient R.R.

All in violation of Title 18, United States Code, Sections 1028A and 2.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice that upon a Defendant's conviction of conspiracy to commit health care fraud charged in this indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendants. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendants up to the amount of the money judgment.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

MARIAN SWANBERG
SPECIAL ASSISTANT UNITED STATES ATTORNEY